WALTER JOHNSON v. JOHN A. McKAY.

(Filed 2 May, 1917.)

**Limitation of Actions—Deeds and Conveyances—Color of Title—Adverse Possession—Trials—Evidence—Instructions.**

> Where in an action to recover lands the plaintiff shows title out of the State, and a junior deed to that under which the defendant claims, creating a lappage, the *locus in quo*, and there is evidence tending to show that the plaintiff had entered into possession under his junior deed and exercised exclusive and continuous ownership to the boundaries of his deed, and under color thereof, for seven years, it is sufficient to ripen an absolute fee-simple title in him; and when the defendant's evidence is corroborative, the court may instruct the jury *to* answer the issues in plaintiff's favor as a matter of law.

CIVIL ACTION, tried before *Cline, J.,* at October Term, 1916, of SCOTLAND.

This is an action to recover land, the part in controversy being 20 acres of a tract of 40 claimed by the plaintiff.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*Russell & Weatherspoon for plaintiff.*
*E. H. Gibson and Cox & Dunn for defendant.*

PER CURIAM. We have examined all of the exceptions appearing in the record, and find no error.

The plaintiff introduced a grant from the State, which is was admitted covered the land in controversy.

He then introduced a deed from J. M. McPherson to Banister John, of date 22 November, 1902, for the 40 acres of land described in the complaint, and a deed for the same land from Banister John and wife to himself, dated 3 February, 1914.

The defendant introduced deeds older in date than those˜ introduced by the plaintiff, conveying 500 acres of land, and the evidence for the plaintiff and the defendant showed that there was a lappage of about 20 acres in the deeds under which the plaintiff and the defendant claim.

The plaintiff introduced evidence, which was not contradicted, that at the time the deed to Banister John was executed, the 40 acres described therein was surveyed and the lines and corners marked, and particularly that the northern line next to the land of the defendant was run and marked as indicated on the plat B C D and formed in part the southern line of a tract of land conveyed by the defendant to Spencer Gibson.

The plaintiff also introduced evidence that Banister John entered into possession of the land after the execution of the deed to him and cleared a part of it, and that he had been in possession under his deed of about a half-acre on the lappage for more than seven years, and that while he did not intend to claim any land belonging to the defendant, that he did intend to claim the land within the boundaries of his deed.

The defendant introduced no evidence that he had been in possession of the lappage since 1903, and, on the contrary, he testified as follows: "Banister John and McLaughlin have been working on this 40 acres. They have been working on that little cleared piece. They might have been getting straw and wood. I don't know about that. Sometimes I casually walk through the woods. I am acquainted with the boundaries as claimed by the plaintiff of the 40 acres. I knew where the Banister John place was, but I didn't know where the corners were. I first knew that Banister claimed a corner with Spencer Gibson when Mr. Matthews ran off the Spencer Gibson tract. I think that was in 1903. At that time I knew that Banister was claiming a corner at the point C. I knew that he was claiming his line as a continuation of the Spencer Gibson line. I knew then that Banister's line leaving the point D ran towards Watery Branch and turnpike. Did not know how far it ran. I knew in 1903 that he was claiming corners at C and D. I did not interfere with his possession from 1903 until about 1912 or 1913. . . . From 1903 to 1912, nine years, I knew that Banister was claiming certain lines, and I didn't interfere with his possession to those lines. I didn't pay any attention to it. I thought that the line that they had run of McPhearson lines were run right. I didn't know. I recognized the line from B to C as the line between me and the McPhearson land, and conveyed land according to that line. I conveyed to Spencer Gibson and Arch Kennedy according to that line. I don't recollect about Arch Kennedy. Since 1903 I have not exercised any right of ownership inside those lines until the survey about five years ago. I don't recollect that I recognized this line as late as 1910. Yes, on 27 December, 1910, when I made the deed to Arch Kennedy, I recognized that line from C to D as the McPhearson line. Banister John had been claiming it from 1903 up to that time."

On this evidence by the defendant, considered in connection with the evidence of the plaintiff as to possession, his Honor might have instructed the jury to answer the issues in favor of the plaintiff, as it shows title out of the State and an adverse possession in the plaintiff and those under whom he claims for seven years under color.

No error.